<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LYNDA BUVEL,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **BRISTOL MYERS SQUIBB CO.**, <br><br> Defendant. | Civil Action No. 22-6449 (ZNQ) (JBD) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Compel Arbitration and Stay Proceedings filed by Defendant Bristol Myers Squibb Co. ("BMS" or "Defendant"). ("Motion", ECF No. 9.) Defendant filed a brief in support of its Motion, ("Moving Br.", ECF No. 9-1), along with a declaration of BMS's Vice President of Human Resource and Labor & Employment Law, Mary Beth Nagy ("Nagy Decl.", ECF No. 9-2) and a declaration of a manager in BMS's Talent Acquisition Compliance Program, Susan Small ("Small Decl.", ECF No. 9-3.) Plaintiffs Lynda Buvel and similarly situated individuals ("Plaintiffs") filed an Opposition to Defendant's Motion ("Opp'n", ECF No. 14), to which Defendant replied ("Reply", ECF No. 17). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, Defendant's Motion to Compel Arbitration and Stay Proceedings will be DENIED WITHOUT PREJUDICE, and the parties will be ordered to conduct limited discovery on the issue of arbitrability.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initiated this action by filing a Complaint ("Compl.", ECF No. 1-1) against Defendant on November 3, 2022. (ECF No. 1.) Plaintiff thereafter filed an Amended Complaint—the operative Complaint—on November 22, 2022. ("Am. Compl.", ECF No. 3.) The Amended Complaint alleges Defendant-employer discriminated and retaliated against Plaintiff-employees due to their religious beliefs and health conditions, specifically with regard to the COVID-19 vaccine. (*Id.* ¶¶ 1–2.) In response to the unprecedented COVID-19 pandemic, Defendant required its employees to receive the COVID-19 vaccine. (*Id.* ¶ 27.) Defendant represented, however, that it would allow for medical and religious exemptions from the vaccine. (*Id.* ¶ 28.) Plaintiffs each submitted exemption requests following Defendant's vaccination policy. (*Id.* ¶ 32.) Despite the offered exemptions, Defendant "denied all requests from all Plaintiffs" and terminated all employees that applied for vaccine exemptions. (*Id.* ¶¶ 45, 50.) Although Plaintiffs refer to Defendant's vaccination policy that was distributed to all employees that may have altered the terms of their employment contracts, Plaintiffs neither allege the existence of an arbitration clause in any of the policies/employment contracts nor attach any agreement as an exhibit to that effect.

On December 23, 2022, Defendant filed the instant Motion to Compel Arbitration and Stay Proceedings. (ECF No. 9.) Plaintiffs opposed the Motion, arguing that there exists no valid arbitration agreement (Opp'n at 6), and if the Court finds that an arbitration agreement existed, Plaintiffs argue their claims fall outside the scope of the arbitration agreement (*id.* at 7).

II.  **JURISDICTION**

The Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00

### III. <u>LEGAL STANDARD</u>

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Additionally, under § 3 of the FAA, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

### IV. <u>DISCUSSION</u>

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the

complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, Civ. No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) (citations omitted). In such circumstances, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, Civ. No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, the Complaint makes no reference to an arbitration agreement *at all*, nor does it attach an exhibit that references one. Given that the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion. *See Guidotti*. 716 F.3d at 774. As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id.* (emphasis added); *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Torres v. Rushmore Service Center, LLC,* Civ. No. 18-9236, 2019 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) (same); *Hughes v. Kolaras*, Civ. No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability was not apparent on the face of

4

the complaint); *Divoc 91, LLC v. Nat. Essentials, Inc.*, Civ. No. 22-249, 2023 WL 2625275, at *3 (D.N.J. Mar. 24, 2023) (denying motion to compel arbitration and stay proceedings because the plaintiff's complaint "ma[de] no reference to whether the parties *agreed* to arbitration") (emphasis in original).  Thus, this Court will deny Defendants' motion without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability.  Afterwards, Defendants may file a renewed motion to compel arbitration, which this Court will review under a Rule 56 standard.

V.      **CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Arbitration and Stay Proceedings will be DENIED WITHOUT PREJUDICE, and the parties will be ordered to conduct limited discovery on the issues of arbitrability over the next 60 days.  The parties will be instructed to meet and confer and to file a proposed scheduling order for that discovery, together with a deadline and briefing schedule for the filing of any renewed motion to compel arbitration.  An appropriate Order will follow.


Date: **June 20, 2023**

                                                    s/ Zahid N. Quraishi
                                                    **ZAHID N. QURAISHI**
                                                    **UNITED STATES DISTRICT JUDGE**